**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES T. LANDREVILLE, et al.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 06-5568** |
| | : | |
| **JOE BROWN COMPANY, INC.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                     **April   1, 2008**

Now before the Court is Defendant Joe Brown Company, Inc.'s Motion to Dismiss based on lack of personal jurisdiction, or, in the Alternative, to Transfer Plaintiffs' Action to the United States District Court for the Eastern District of Oklahoma (the "Motion"). For the reasons discussed below, the Court will grant the Motion to transfer the action to the Eastern District of Oklahoma.

**I. BACKGROUND**

Plaintiffs James and Karena Landreville ("Plaintiffs") are married citizens of Pennsylvania. Compl. ¶¶ 1-2. Defendant Joe Brown Company, Inc. ("Defendant") is a transportation company organized under Oklahoma law with its principal place of business in Ardmore, Oklahoma. Id. ¶ 4. According to the Complaint, Plaintiff James Landreville was using his pickup truck to tow a flatbed trailer in Oklahoma when one of Defendant's drivers struck the trailer, causing him to suffer various injuries. Id. ¶¶ 12-15.

On December 21, 2006, Plaintiffs filed the instant action, seeking damages in excess of $75,000 to recover for medical expenses, pain and suffering, diminution of earning capacity, and

loss of consortium.[1]  On January 30, 2007, Defendant filed the instant Motion.  Plaintiffs

thereafter conducted limited jurisdictional discovery to determine the extent of Defendant's

contacts with Pennsylvania.


## II.  LEGAL STANDARD

A federal district court may exercise personal jurisdiction over a nonresident defendant to

the extent permitted by the law of the state in which the district court sits.  See Fed. R. Civ. P.

4(k)(1)(A).  Under Pennsylvania law, personal jurisdiction over nonresidents is permitted "to the

fullest extent allowed under the Constitution of the United States and may be based on the most

minimum contact with this Commonwealth allowed under the Constitution of the United States."

42 Pa. Cons. Stat. § 5322(b).  The reach of Pennsylvania's long-arm statute "is coextensive with

the due process clause of the fourteenth amendment to the United States Constitution."  N. Penn

Gas Co. v. Corning Natural Gas, 897 F.2d 687, 690 (3d Cir. 1990).  In accordance with due

process requirements, a district court may maintain jurisdiction over a nonresident defendant

only if that defendant has "certain minimum contacts with [the forum state] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S.

457, 463 (1940)).  Sufficient minimum contacts exist where there is "'some act by which the

defendant purposefully avails itself of the privilege of conducting activities within the forum

state, thus invoking the benefits and protections of its laws.'"  Toys "R" Us, Inc. v. Step Two,

---

[1]        Because the parties are diverse and the amount in controversy requirement is
satisfied, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

S.A., 318 F.3d 446, 451 (3d Cir. 2003) (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 109 (1987)).

A defendant's contacts with the forum state reach the minimum level in one of two ways. When the contacts are "continuous and systematic," the court may exercise general jurisdiction over the defendant even if the contacts are unrelated to the plaintiff's cause of action. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) ("Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation." (footnote omitted)). In contrast, "[s]pecific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities," N. Penn Gas Co., 897 F.2d at 690, such that based on its contacts with the forum, the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

When a defendant brings a motion to dismiss based on the lack of personal jurisdiction, the plaintiff "bears the burden of establishing the court's jurisdiction." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). To meet that burden, the plaintiff "need only establish a prima facie case of personal jurisdiction and . . . is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Id.

## III. DISCUSSION

Defendant argues that because it has insufficient contacts with Pennsylvania, the Court lacks personal jurisdiction. In response, Plaintiffs assert that the Court has general jurisdiction,

and, in any event, Defendant has consented to jurisdiction in Pennsylvania by designating an agent for service of process in this state.[2]

### A.  General Jurisdiction

In an affidavit prepared by its current President, Defendant explains that it does not, and did not at any time pertinent to this action, solicit business in Pennsylvania, own property in Pennsylvania, pay taxes in Pennsylvania, deliver goods into Pennsylvania, or maintain an office in Pennsylvania.  See Aff. of Teresa J. Brown ("Brown Aff.") 2, attached to the Mot. at Ex. A.[3] Although Defendant is authorized to transport materials to the lower 48 states, it is a "regional" transportation company that generally hauls raw materials in "Oklahoma, Texas, Kansas, Louisiana, with the vast majority [of shipments] in Oklahoma and Texas."  Dep. of Teresa J. Brown ("Brown Dep.") 20-22, attached to Pls.' Supplemental Mem. of Law in Opp'n to the Mot. at Ex. A.  In the past five years, Defendant has traveled through Pennsylvania only once, logging a total of 597 miles while delivering a load of sand to Beacon, New York.  Id. at 24-26. Defendant maintains a website that "serves informational purposes . . . and does not specifically target Pennsylvania residents.  Potential customers cannot purchase any goods or services . . . through the website.  The website directs all potential customers [either to] call the telephone numbers provided or to contact company employees through email."  Brown Aff. 3.

Although Defendant has traveled through the state once to deliver goods in New York,

---

[2]     Because the accident giving rise to the action occurred in Oklahoma, specific jurisdiction is not at issue.

[3]     In compliance with the Motor Carrier Act, 49 U.S.C. § 13304(a), Defendant has registered an agent for the service of process in "the lower 48 states," including Pennsylvania. Brown Dep. 34-35.  Although Defendant does not operate in Pennsylvania, it designated an agent in each of the lower 48 states by paying a single annual fee to a national agency service.  Id.

the occasional use of Pennsylvania roads is insufficient to establish general jurisdiction.  See, e.g., Carney v. Bill Head Trucking, Inc., 83 F. Supp. 2d 554, 557 (E.D. Pa. 2000) (finding no general jurisdiction where a defendant had, "from time to time, used the roads and highways of Pennsylvania"); Amos v. Pendry, 810 F. Supp. 146, 149 (M.D. Pa. 1992) (rejecting the argument that traveling "over 106,000 miles through Pennsylvania" is sufficient to establish general jurisdiction and noting that "if personal jurisdiction could be established by the mere act of traversing another state's highways, the underlying concerns of due process would be defeated").

Moreover, Defendant's website, which does not target specifically Pennsylvania residents, does not permit online orders or reservations, and is not central to Defendant's business, is insufficient to meet the threshold required for general jurisdiction.  See, e.g., Pierce v. Hayward Indus., 2006 U.S. Dist. LEXIS 81393, at *20 (E.D. Pa. Nov. 6, 2006) ("Whether the site is deemed not interactive enough, not targeted toward the forum state, not central to the defendant's business, or simply having no [connection] to the cause of action, courts have resisted asserting general jurisdiction in these circumstances."); Snyder v. Dolphin Encounters, 235 F. Supp. 2d 433, 440-41 (E.D. Pa. 2002) (finding that websites permitting online orders and reservations as well as providing contact information were insufficient to support general personal jurisdiction); Molnlycke Health Care AB v. Dumex Med. Surgical Prods., Ltd., 64 F. Supp. 2d 448, 452-54 (E.D. Pa. 1999) (finding no general jurisdiction based on two websites that permitted online orders because the websites did not target Pennsylvania and were not central to the defendant's business).  Accordingly, because Defendant's use of state roads and maintenance of a website are insufficient to establish "continuous and systematic" contacts with Pennsylvania, it is not subject to general jurisdiction here.

**B.  Consent**

Plaintiffs also argue that Defendant has consented to jurisdiction, rendering any "minimum contacts" analysis unnecessary.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985) (noting that personal jurisdiction can be waived by express or implied consent). Pursuant to the Motor Carrier Act, a motor carrier engaged in interstate transportation "shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker."  49 U.S.C. § 13304(a).  In compliance with the Motor Carrier Act, Defendant has designated an agent for service of process in each of the lower 48 states.  See Brown Dep. 34-35.

Plaintiffs argue that by virtue of Defendant's compliance with the federal statute, it has consented to personal jurisdiction in Pennsylvania.  They rely on several cases in which courts have found that designation of an agent for service of process pursuant to 49 U.S.C. § 13304(a) is, in effect, a form of consent to personal jurisdiction.  See, e.g., Ocepek v. Corporate Transp., Inc., 950 F.2d 556, 558 (8th Cir. 1991) (explaining that designation of an agent under the predecessor to 49 U.S.C. §13304(a) is sufficient to justify a district court's exercise of personal jurisdiction over a nonresident corporation); R.R. Donnelley & Sons Co. v. Jet Messenger Serv., Inc., 2003 U.S. Dist. LEXIS 25421, at *14 (N.D. Ill. May 24, 2003).  In Ocepek, a citizen of Missouri was injured in Ohio in an automobile accident involving one of the defendant's drivers. 950 F.2d at 556.  The defendant, a New York-based corporation, moved to dismiss for lack of

personal jurisdiction because it had insufficient contacts with Missouri, the forum state.[4]  After analyzing the defendant's contacts with Missouri, the district court granted the motion to dismiss. Id. at 557.  On appeal, the Eighth Circuit reversed, finding that the defendant consented to personal jurisdiction in Missouri by registering an agent in that state.[5]  The Ocepek Court explained that because "Congress wanted to make it easy to hold interstate carriers responsible for their actions," id. at 559, the Motor Carrier Act—which is silent on what effect the designation requirement has on personal jurisdiction—should be interpreted as requiring consent to jurisdiction.  See id. at 560 ("The assumption of [49 U.S.C. § 13304(a)] is that companies which do business nationwide can more easily defend themselves in any of those states in which they do business, than individual citizens can bring suit outside their home states, perhaps at great distances.").[6]

Although the Third Circuit has not addressed the precise issue, a number of courts have rejected the argument that designation of an agent under the Motor Carrier Act alone implies consent to personal jurisdiction.  See, e.g., Paz v. Castellini Co., 2007 U.S. Dist. LEXIS 83028, at *21 (S.D. Tex. Nov. 8, 2007) ("To hold that a [defendant's designation of an agent pursuant to

---

[4]      Significantly, the defendant in Ocepek conducted business in Missouri, although the accident at issue was unrelated to its activities there.  In the instant case, however, Defendant does not conduct any business in Pennsylvania.

[5]      The district court did not consider the issue of consent under the Motor Carrier Act.

[6]      In addition, the Ocepek Court held that the defendant could not limit its designation of an agent in Missouri to causes of action arising only in Missouri.  See 950 F.2d at 558-60 ("The insertion of a clause limiting the ability of the agent to accept process to claims arising in the State of Missouri is inconsistent with the broad remedial purpose of the [Motor Carrier Act].").

the Motor Carrier Act] would be sufficient for it to be dragged into Texas courts grates against notions of fair play and substantial justice inherent in the concept of personal jurisdiction."); Tyler v. Gaines Motor Lines, Inc., 245 F. Supp. 2d 730, 732 (D. Md. 2003) ("Gaines's designation of an agent for service of process pursuant to [49 U.S.C. § 13304(a)] does not provide the 'consent' of the corporation to be sued in the State of Maryland for a matter unrelated to its contacts with the state."); Lyons v. Swift Transp. Co., 2001 U.S. Dist. LEXIS 15585, at *23 (E.D. La. Sept. 26, 2001) ("[T]he Court rejects plaintiff's contention that Swift consented to personal jurisdiction in Louisiana for suits arising outside Louisiana when it designated an agent for service of process pursuant to the Motor Carrier Act."); see also Maroshek v. E. Penn Trucking Co., 1992 U.S. Dist. LEXIS 6203, at *4 (D.D.C. Apr. 28, 1992) ("The mere authority to operate in the District [of] Columbia and the designation of an agent for service of process [pursuant to the Motor Carrier Act] in addition to a handful of deliveries each year do not rise to the level of a 'continuing corporate presence' to satisfy the requirement of 'doing business' in [the District of Columbia long-arm statute].").[7]

In Paz, the plaintiff, a resident of Texas, sued the defendant, a Delaware corporation with its principal place of business in Kentucky, for a motor vehicle accident that occurred in Kentucky. 2007 U.S. Dist. LEXIS 83028, at *1-2. The defendant, a motor carrier engaged in interstate commerce, operated in only eight states, and did not operate in Texas, the forum selected by the plaintiff. Id. at *3. In order to comply with the Motor Carrier Act and to receive

---

[7]      Similarly, the Eleventh Circuit has rejected the argument that under the national long-arm statute, a foreign corporation's designation "of an agent for service of process in connection with the offerings of bonds and debentures" is sufficient to establish general personal jurisdiction. Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1293 (11th Cir. 2002).

prompt notice of suits filed against it, the defendant filed a "blanket designation" with a national service agency to receive service of process.  Id. at *18-19.  When presented with the argument that "designation of an agent for service of process . . . automatically establishes personal jurisdiction over the company in this action," id. at *16, the Texas district court rejected the notion that nationwide registration constituted consent to nationwide personal jurisdiction.  The court wrote that basing consent upon registration made sense when a carrier actually operates in the forum state because "Congress intended to make service of process upon interstate motor carriers relatively easy for individuals who become involved in motor vehicle accidents involving the carriers."  Id. at *20.  But "interpreting the statute so as to mean that a designation of an agent automatically confers personal jurisdiction in any and all states—even those in which the carrier does not enter or operate" would violate the concept of fair play inherent in any personal jurisdiction inquiry.  Id. at *21.

Defendant does not operate in this state and the events giving rise to the action did not occur here.  Defendant's compliance with the Motor Carrier Act cannot alone be considered consent where such consent would create "unlimited jurisdiction" in any state where it designated an agent for service of process for any cause of action.  Defendant's designation of an agent is unlike the state designation at issue in Bane v. Netlink, Inc., 925 F.2d 637, 640-41 (3d Cir. 1991), where the Third Circuit found consent to personal jurisdiction in Pennsylvania based on a corporation's registration to conduct business in Pennsylvania and designation of an agent for service of process.[8]  Although the Bane Court found that a nonresident corporation that

---

[8]     The Bane Court found that registration as a foreign corporation was sufficient to confer personal jurisdiction pursuant to 42 Pa. Cons. Stat. § 5301(a)(2)(I).  See 925 F.2d at 640.  In the alternative, it held that consent to personal jurisdiction could be inferred from the

designates an agent pursuant to state law thereby consents to personal jurisdiction in that state, it did not consider the question of whether nationwide designation of an agent in compliance with federal law would alone subject a nonresident corporation to nationwide jurisdiction.  In a case such as Bane, a corporation's designation of an agent in a particular state, performed in exchange for the right to conduct business in that state, may be an affirmative act sufficient to establish implied consent to personal jurisdiction.[9]

The inference that designation of an agent alone implies consent to personal jurisdiction is unwarranted in this case.  Unlike the situation in Bane, Defendant did not make a state-specific decision based on the desire to conduct business in Pennsylvania.  It simply made a blanket

_____

defendant's application for a certificate of authority to conduct business in Pennsylvania, based on a now-repealed Pennsylvania statute that required a foreign corporation to designate an agent for service when applying for a certificate of authority.  See id. at 641.

[9]    Not all courts, however, agree that applying to conduct business in a state and registering an agent for service of process is sufficient to establish personal jurisdiction by consent.  Many courts draw a distinction between merely designating an agent in a forum and actually conducting business in that forum.  See, e.g., Wenche Siemer v. Learjet Acquisition Corp., 966 F.2d 179, 183 (5th Cir. 1992) ("Not only does the mere act of registering an agent not create Learjet's general business presence in Texas, it also does not act as consent to be hauled into Texas courts on any dispute with any party anywhere concerning any matter."); Ratliff v. Cooper Labs., Inc., 444 F.2d 745, 748 (4th Cir. 1971) ("[T]he application to do business and the appointment of an agent for service to fulfill a state law requirement is of no special weight in the present context.  Applying for the privilege of doing business is one thing, but the actual exercise of that privilege is quite another."); Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc., 301 F. Supp. 2d 545, 551 (E.D. Va. 2004) ("A nonresident corporation consents to jurisdiction in a state's courts by actually doing business in that state, not simply by fulfilling a state-law requirement that it register and appoint an agent for service of process so that it potentially could do business there." (emphasis added)).  In this case, the distinction is also important because nationwide designation of an agent—whether due to a single "blanket" designation or based on the possibility that the carrier may operate in a state in the future—could expose a carrier to suit in any state, by any party, and on any cause of action without any inquiry into the carrier's actual conduct in the state.  Such a result would violate the concept of fair play inherent in any personal jurisdiction inquiry.  See Paz, 2007 U.S. Dist. LEXIS 83028, at *21.

designation in order to comply with federal law.  Finding consent based on a blanket designation

without considering actual contact with a state would invite nationwide forum shopping and

leave Defendant with no protection against being haled into unfavorable or distant fora.  Cf.

Reynolds & Reynolds Holdings, Inc., 301 F. Supp. 2d at 551 ("[A] finding of general personal

jurisdiction on the basis of registration and appointment of an agent alone is extremely conducive

to forum shopping because many companies have registered to do business and appointed an

agent for service of process in numerous states.").

        The Motor Carrier Act is silent as to what effect, if any, Defendant's designation of an

agent, standing alone, has on personal jurisdiction.  While designation of an agent for service of

process is a fact relevant to the jurisdiction analysis, it is not alone dispositive and must be

considered along with Defendant's other contacts.  Cf. Perkins v. Benguet Consol. Mining Co.,

342 U.S. 437, 445 (1952) ("The amount and kind of activities which must be carried on by the

foreign corporation in the state of the forum so as to make it reasonable and just to subject the

corporation to the jurisdiction of that state are to be determined in each case.  The corporate

activities of a foreign corporation which, under state statute, make it necessary for it to secure a

license and to designate a statutory agent upon whom process may be served provide a helpful

but not a conclusive test.").  This approach is consistent with the approach employed by other

courts when rejecting the argument that designation of an agent is alone tantamount to consent to

personal jurisdiction.  See Tyler, 245 F. Supp. 2d at 732-33 ("I will consider [the defendant's]

appointment of an agent as part of the minimum contacts analysis.  I will not, however, accord it

any special weight.").  After examining the totality of Defendant's contacts with Pennsylvania,

the Court concludes that based on its website, its single trip through the state, and its designation

-11-

of an agent for service of process pursuant to federal law, it would offend "traditional notions of

fair play and substantial justice" to maintain personal jurisdiction here.

## IV.  CONCLUSION

Because the Court may not exercise personal jurisdiction over Defendant, its Motion will

be granted.  Rather than dismiss the action, however, the Court will transfer it to the United

States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1406(a).  See,

e.g., Hlavac v. DGG Props. Co., 2005 U.S. Dist. LEXIS 6081, at *32-33 (E.D. Pa. Apr. 8, 2005)

(transferring a case to a proper venue where the court lacked personal jurisdiction over the

defendants because "[c]ourts may invoke [28 U.S.C. § 1406(a)] to cure lack of personal

jurisdiction").[10]  Because Defendant resides in the Eastern District of Oklahoma and the events

underlying the claim occurred in that district, venue there is proper pursuant to 28 U.S.C. §

1391(a).  An appropriate Order follows.

---

[10]      In their supplemental response to the Motion, Plaintiffs request transfer to an
appropriate district if the Court finds that it lacks personal jurisdiction over Defendant.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES T. LANDREVILLE, <u>et al.</u>      :    CIVIL ACTION
                     :
    v.                 :    NO. 06-5568
                     :
JOE BROWN COMPANY, INC.       :

## ORDER

     **AND NOW**, this   1st   day of April, 2008, upon consideration of Defendant's

Motion to Dismiss, or in the Alternative, to Transfer Plaintiffs' Action to the United States

District Court for the Eastern District of Oklahoma (docket no. 7), Plaintiffs' Response (docket

no. 11), and Plaintiffs' Supplemental Response (docket no. 16), and for the reasons stated in the

accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED** in part, and this

case is **TRANSFERRED** to the Eastern District of Oklahoma.


                             **BY THE COURT:**


                             **/s/ Bruce W. Kauffman**
                             **BRUCE W. KAUFFMAN,  J.**